## Chicago City Railway Company v. James O'Leary.

### Gen. No. 13,385.

STREET CROSSING—*what danger reasonably to be anticipated.* The danger of running down a pedestrian at a street crossing is a danger reasonably to be anticipated by those in charge of the operation of an electric car. To hold its operators to no great care, caution and circumspection at such places would prevent the practical use of the streets by pedestrians and is not allowable.

Action in case for personal injuries. Appeal from the Superior
Court of Cook County; the Hon. R. W. WRIGHT, Judge, presiding.
Heard in this court at the October term, 1906. Affirmed. Opinion
filed October 3, 1907.

**Statement by the Court.** The appellee was plaintiff
below. He secured a verdict against the appellant, the de-
fendant below, in the Superior Court of Cook county, for
$2,000, on January 8, 1906. On this verdict on April 2,
1906, a judgment was entered for $1,250, seven hundred and
fifty dollars having been remitted by the plaintiff, and a
motion for a new trial and one in arrest of judgment having
been overruled.

The suit was for personal injuries sustained by the plain-
tiff through being run into by an electric car of the defend-
ant corporation as he was crossing Clark street in the city of
Chicago, at the intersection of that street with Monroe street.
The plaintiff was crossing on the southern cross-walk at that
intersection. The car was running north on the east track
of the defendant corporation on Clark street.

The declaration in various counts charged that the defend-
ant company negligently ran down the plaintiff. Some of
the counts simply allege the negligent operation and running
of the car and the consequent knocking down of the plaintiff
while he was crossing the street in the exercise of due care;
some, that the car was standing still on or near the south side
of Monroe street, and was "suddenly, negligently and im-
properly started" and run in a northerly direction, so that
it knocked down the plaintiff, who, in the exercise of due
care, was crossing the street.

The defendant at the trial, at the close of the plaintiff's
evidence and again at the close of all the evidence, moved
for a peremptory instruction to the jury that they should
find the defendant not guilty, which was refused.

After all the evidence had been heard, and before the
arguments to the jury were begun, the defendant presented
to the court a special interrogatory for the jury to answer
with their general verdict, as follows:

"Do you believe from the evidence that the plaintiff on the

occasion in question could and would have avoided the accident and injury in question by the exercise of due care, caution and foresight for his own safety?"

To this interrogatory the jury with their general verdict returned the answer, "No."

In this court the appellant corporation has made thirty-one assignments of error, but its argument is entirely directed to the point that the general and special verdicts are against the weight of the evidence and not justified thereby.

WILLIAM J. HYNES, SAMUEL S. PAGE and WATSON J. FERRY, for appellant; MASON B. STARRING, of counsel.

ELA, GROVER & GRAVES, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

There is nothing for us to decide in this case except whether the evidence on the facts of the accident and of the injury involved justifies the verdicts of the jury. We are of the opinion that it clearly does. It would be useless and is therefore unnecessary for us to take up the testimony of the witnesses,—the plaintiff himself, the two bystanders, "Wall" and Wolliewicz, and the conductor and motorman,—who saw the accident and compare and discuss it. It would add nothing to our statement that a careful consideration of it all convinces us not only that the verdicts which found the defendant guilty and the plaintiff guiltless of negligence, were not unreasonable and not contrary to the clear weight of the evidence, but also that contrary verdicts could properly have been set aside for that reason.

The gist of one premise of the appellant's argument is not inaptly stated by counsel in the following words:

"Operators of cars even at street crossings are not required to guard against every possible danger or against dangers not reasonably to be anticipated. The extreme precaution of running cars so cautiously as to avoid the unusual or extraordinary, of which there is no notice, would prevent the practical operation of the road and is not required."

This is supported by cited authority, and may be conceded to be the law. But the other premise necessary to establish the conclusion of non-liability—that the danger of running down the plaintiff in this case as he was crossing the street was not reasonably to be anticipated, or that his thus crossing the street was an unusual or extraordinary thing—wholly fails of justification in the evidence before us.

There is another rule which might be stated thus: Street cars have no exclusive rights at street intersections. To hold their operators to no great care, caution and circumspection at such places, would prevent the practical use of the streets by pedestrians and is not allowable.

It is not improperly called to our attention by the appellee that this accident occurred at an early hour in the evening when the streets of Chicago are always crowded, and that it was in the very heart of the city. There can really be no serious doubt left by the evidence that the car had stopped a little south of the southern cross-walk of the intersection, or had so approached a standstill that all reasonable men would have expected it not to run on across the cross-walk without the observation of the motorman that no pedestrian was in a position of danger thereon; that at that moment the plaintiff was crossing on the cross-walk, as he had a right as one of the public to do; that the car either carelessly started and ran him down, or ran on without stopping short, as it should under the circumstances have done; that in either case there was unwarrantable carelessness in the operation of the car and a consequent injury to the plaintiff.

As for the alleged contributory negligence of the plaintiff, we are in accord with the special finding of the jury. Whether plaintiff at that place and time went on to the cross-walk in front of the car, while the car was running very slowly and was under control, or while it was at a standstill, he was equally within his right and in the exercise of due care. He had a right to suppose the operators of the car would recognize his rights as a pedestrian on that cross-walk and not run him down.

There is complaint made of the amount of the judgment.

We do not think the amount assessed by the jury was so excessive as to indicate passion or prejudice, nor that after the *remittitur* the judgment is too large for the injuries fairly proven. That a *remittitur* (which in this case from the language of the order seems to have been made to avoid the granting of a new trial) may cure to such an extent and in such a case an excessiveness of a verdict, has been too often decided in our courts to need discussion.

The judgment of the Superior Court is affirmed.

*Affirmed.*